IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CORALY ROSA RUIZ<br>JULIO A. RIVERA-ALICEA, and their<br>conjugal partnership<br>Plaintiffs<br><br>vs<br><br>ELSIE GONZALEZ-GALOFFIN in her<br>official and personal capacities;<br>JOHN DOE, and their conjugal partnershp;<br>WILLIAM VAZQUEZ-IRIZARRY, ESQ., in<br>his official and personal capacities;<br>SUSAN ROE, and their conjugal<br>partnership;<br>THE DEPARTMENT OF JUSTICE OF THE<br>COMMONWEALTH OF PUERTO RICO;<br>CORPORATION ABC,<br>INSURANCE COMPANY DEF,<br>and JOHN DOE<br>Defendants | CIVIL 06-1093CCC |

**O R D E R**

Having considered the Motion for Reconsideration and for Leave to File a Second Amended Complaint (**docket entry 56**) filed by plaintiffs on October 4, 2007, the same is DENIED in its entirety. The Court has reread the amended complaint filed on August 22, 2006 (docket entry 17) pursuant to its order of August 22, 2006 (docket entry 15) granting plaintiffs' Request to Amend the Complaint (docket entry 8). The Motion to Dismiss the Amended Complaint, docket entry 9, supplemented by docket entry 10, addressed that amended pleading and no other.

Plaintiffs' Motion for Reconsideration concedes that the amended complaint did not include a Free Exercise Clause. They contend, however, that simultaneously with their opposition to the motion to dismiss, they sought leave to file a second amended complaint in which they claimed, as part of their §1983 action, that defendants had violated the

CIVIL 06-1093CCC                                    2

Establishment Clause or the Free Exercise Clause of the First Amendment but the Court rejected this. They now ask that the Court allow the Free Exercise Clause claim because it was included in a tendered, albeit rejected, second amended complaint.

Their arguments are patently misleading. The record reflects that plaintiffs did not file their Motion to Amend the Complaint a Second Time (docket entry 21) **simultaneously** with the filing of the opposition to the motion to dismiss the amended complaint, as claimed. Such opposition was filed on June 16, 2006 (docket entry 13), while the Request to Amend the Complaint a Second Time (docket entry 21) was filed three months later on September 20, 2006. More importantly, the Request to Amend the Complaint a Second Time, and whose full title is, "Request to Amend Complaint a Second Time to Encompass Further Evidence of Retaliation for Filing of EEOC Complaint and Complaint with this Honorable Court," makes no mention whatsoever of the filing of an additional claim, i.e. a Free Exercise Clause claim violation under the First Amendment.

The entire text of that motion, as its title also indicates, has to do strictly with the amendments to the Title VII claim, not the First Amendment claim, to include allegations of additional acts of retaliation for having filed the EEOC complaint and this lawsuit. Rosa-Ruiz identifies those other acts of retaliation as "having received an extremely negative evaluation," (¶6), and the possibility of a suspension.[1] The Court denied the motion to file a second amended complaint in November 9, 2006, commenting that such further actions could be presented as evidence at trial without need to amend the complaint a second time.

Although the amendments requested were only to the Title VII retaliation claim, somewhere tucked away in the eighteen pages of their tendered second amended complaint plaintiffs mention the Free Exercise Clause in allegation number 72 in support of their §1983 action.

---

[1] Upon comparing the allegations of the amended complaint filed August 22, 2006 (docket entry 17) with the second amended complaint tendered on September 20, 2006, and rejected, the Court notes that the threatened suspension was not a new act of retaliation since it was already included in allegations 39 and 40 of the amended complaint.

CIVIL 06-1093CCC                                              3

When a court determines whether or not to allow a complaint to be amended a second time, it does so based on the grounds set forth in the motion seeking authorization. Since plaintiffs made no mention of an additional claim under the Free Exercise Clause, this was not considered. The Court did not have to search through plaintiffs' tendered second amended complaint, as they imply, to find that which they failed to inform the Court in their motion seeking a second amendment.

Having left out of their amended complaint any action based on the Free Exercise Clause and having made no mention of such a claim in their Motion to Amend a Second Time, allegation 72 of the tendered second amended complaint rejected by the Court since November 11, 2006, lends no support to a reconsideration of the decision filed on September 20 2007 (docket entry 50) where it noted that:

> The first time that she ever portrayed her First Amendment Claim as a violation of the Free Exercise Clause is in her opposition to the dismissal motion (docket entry 13). We will, therefore, consider only the allegations set forth in the pleadings; not the allegations, as reframed in the opposition, that would align with the Free Exercise Clause.

The remaining arguments in support of reconsideration do not merit further discussion by the Court. The grounds for dismissal of the state law claims are clearly set forth therein and are hereby reaffirmed. The plaintiffs' Title VII retaliation claim survived dismissal.

SO ORDERED.

At San Juan, Puerto Rico, on October 31, 2007.

S/CARMEN CONSUELO CEREZO
United States District Judge